UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLA BORISOVNA TAMARKINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 748 |
| v. | ) | |
| | ) | Judge Conlon |
| EMILIO GONZALES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Defendants, Emilio T. Gonzalez, Michael Mukasey, Michael Chertoff, Ruth Dorochoff and Robert S. Mueller, by their attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for its answer to plaintiff's complaint, states as follows:

### First Defense

This case should be dismissed because the Federal Bureau of Investigation has completed plaintiff's background check and the United States Bureau of Citizenship and Immigration Services is prepared to make a decision on plaintiff's application.

### Second Defense

Plaintiff has not exhausted administrative remedies available to her.

### Third Defense

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

1.    **Complaint:**   This action is brought for a hearing by me, Alla Borisovna Tamarkina (Plaintiff), PRO SE, to obtain naturalization pursuant to Immigration and Nationality Act (INA), § 336(b) and 8 U.S.C. § 1447(b), which has been delayed due to Defendants' failure to adjudicate the application within 120 days after first examination in violation of INA § 336(b) and 8 U.S.C.

§ 1447(b). This court has exclusive jurisdiction to make a determination on my application, since it is more than 120 days since interview by United States Citizenship and Immigration Services. I request the Court to grant citizenship and give oath of citizenship. I meet all the statutory eligibility requirements for citizenship.

       **Response:**    Deny that defendants violated the provisions of the Immigration and Nationality Act, but admit the remainder of the first sentence of this paragraph. Deny the second sentence. Admit the third sentence of this paragraph. Deny the fourth sentence of this paragraph.

    2.   **Complaint:**   This is an action for relief pursuant to law including the US Constitution, Mandamus Act (28 USC § 1361), Declaratory Judgment Act (28 USC 2201), and the Administrative Procedure Act (5 USC § 551 et seq.). This action challenges the unreasonable delays in adjudicating petitioners request for hearing on naturalization application under 8 U.S.C. § 1447(a).

       **Response**:    Admit that plaintiff attempts to bring an action on the bases stated in the first sentence but deny the remainder of the first sentence. Admit that plaintiff complains that defendants' actions were unreasonable but deny the delays were in fact unreasonable and deny the remainder of the second paragraph.

### PARTIES

    1.   **Complaint:**   Plaintiff, Alla Borisovna Tamarkina, is a lawful permanent resident of the United States since July 15, 1998. She resides in Glenview, Illinois with her son Pavel Tamarkin. She filed the N-400 application on June 12, 2003 and was interviewed for her naturalization on March 8, 2004. Defendants failed to make a determination on the application within 120 days after the examination as required under USC 1447 (b). She seeks an order granting her citizenship.

       **Response**:    Admit the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the second sentence. Deny that plaintiff filed her N-400 application on June 12, 2003, but admit the remainder of the third sentence. Admit that no determination was made on the application within 120 days of the interview but deny the remainder

of the fourth sentence.  With respect to the fifth sentence, admit that in plaintiff seeks an order

granting her citizenship but deny that the court should enter such an order.

2.    **Complaint:**    Defendant Emilio T. Gonzalez, PhD., serves as Director of United States Citizenship and Immigration Services, a component of the Department of Homeland Security, USCIS is responsible for implementing the provisions under which lawful permanent residents can be naturalized and become United States citizens, in particular INA § 310, 8 U.S.C. § 1421. Respondent Dr. Gonzalez is sued in the official capacity as Director of United States Citizenship and Immigration Services.

**Response**:    Admit.

3.    **Complaint:**    Defendant Michael Mukasey, the Attorney General of the United States, has been conferred the authority to naturalize persons as citizens of the United States by INA § 310 (a), 8 U.S.C. § 1421(a), and is sued here in his official capacity.

**Response:**    Admit that defendant Mukasey is the Attorney General of the United

States and that plaintiff has sued him in his official capacity, but deny the remainder of this

paragraph.

4.    **Complaint:**    Defendant Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS").  As of March 1, 2003, DHS is the agency responsible for implementing the Immigration and Nationality Act.  Within DHS, the United States Citizenship and Immigration Services ("CIS"), formerly part of the Immigration and Naturalization Service, is responsible for implementing the provisions under which lawful permanent residents can be naturalized and become United States citizens, in particular, INA § 310, 8 U.S.C. § 1421. Respondent Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security.

**Response:**    Admit.

5.    **Complaint:**    Defendant Ruth Dorochoff is the District Director of the Chicago District of Citizenship and Immigration Services of the Department of Homeland Security, and is sued in her official capacity.  The District Director has been delegated authority, under 8 C.F.R. § 310.2, to control all activities within the Chicago District, including the authority to grant naturalization applications.

**Response:**    Admit first sentence.  Deny second sentence.

6.    **Complaint:**    Defendant Robert S. Mueller, III, is the Director of Federal Bureau of Investigation (FBI).  FBI is the component of Homeland Security that is responsible for "name

check" security clearance for US Government agencies, such as USCIS, the delay of which is, in part, responsible for the failure of USCIS to adjudicate the application within 120 days after the first examination for naturalization in violation of 8 USC § 1447(b).

**Response:**    Admit the first sentence.  Deny the second sentence.

7.    **Complaint:**    This Court has jurisdiction pursuant to INA § 336(b), 8 U.S.C. § 1447(b) (jurisdiction for hearing on naturalization in certain cases where the delay exceeds more than 120 days from the examination date); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201, the Declaratory Judgment Act, 5 U.S.C. § 701, the Administrative Procedures Act; 5 U.S.C. § 552(a)(4)(B)(Freedom of Information Act) and 5 U.S.C. § 504, the Equal Access to Justice Act.  This court has jurisdiction original jurisdiction of any action in the nature of mandamus under 28 USC § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

**Response:**    Admit the court has jurisdiction under 8 U.S.C. § 1447(b) but affirmatively state that the court should not exercise jurisdiction under this provision, but should remand the case to USCIS which is prepared to render a decision on the application upon remand.

8.    **Complaint:**    Venue in the Northern District of Illinois, Eastern Division is appropriate pursuant to 8 U.S.C. § 1421(c) because Plaintiff resides within the district and the administrative decisions delaying Plaintiff applications for naturalization were issued by the Chicago Office of CIS, located within this district.

**Response:**    Admit that venue exists in this district, but deny that it lies under the statutory provision cited.

9.    **Complaint:**    I, the plaintiff, filed N-400 naturalization application with filing fees on June 12, 2003 at the USCIS.  (Exhibit 1)

**Response:**    Admit that plaintiff filed an N-400 application but deny that plaintiff did so on June 12, 2003.

10.    **Complaint:**    I attended and passed the citizenship interview on March 8, 2004 at the Chicago USCIS Office.  I was told at the interview that I had passed the test for citizenship compromising the English language, history and government tests, and that I had met the resident requirements and other eligibility requirements.  (Exhibit 2)

**Response:**     Admit that plaintiff attended a naturalization interview on March 8, 2004 at the Chicago USCIS office and that she passed the test for English, history and government, but deny the remainder of this paragraph.

11.     **Complaint:**     I was notified in writing on November 29, 2004 that I wait at least 120 days after the examination which was held on March 8, 2004 before taking any further action. (Exhibit 3).

**Response:**     Admit that the USCIS Chicago District Office sent the letter attached as Exhibit 3 to the complaint but deny that this paragraph correctly states the contents of that letter.

12.     **Complaint:**     I took time on April 23, 2004 and April 27, 2004 and visited Chicago office of USCIS to check on the status of my application.  I was told that the application was still pending due to the FBI name check.  (Exhibits 4 & 5).

**Response:**     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13.     **Complaint:**     I inquired with Congressman Mark Kirk in writing about the status of my application, and received letter from USCIS on July 14, 2004 notifying that my application was still pending due to the FBI name check.  (Exhibit 6).

**Response:**     Admit that on or about June 14, 2004 USCIS sent the letter attached as Exhibit 6 to Congressman Mark Kirk but defendants lack knowledge of information sufficient to form a belief as to the remainder of this paragraph.

14.     **Complaint:**     I inquired again with Congressman Mark Kirk in writing about the status of my application, and received letter from USCIS on January 10, 2005 notifying that my application was still pending due to the FBI name check.  (Exhibit 7).

**Response:**     Admit that on or about January 10, 2005, USCIS responded to an inquiry by Congressman Mark Kirk and that Exhibit 7 appears to be a letter from Congressman Kirk to plaintiff transmitting USCIS's response, but defendants lack knowledge of information sufficient to form a belief as to the remainder of this paragraph.

5

16.    **Complaint:**    I need approval of my naturalization application because I wish to vote and need a United States passport to facilitate travel as an American Citizen.

**Response:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph.

17.    **Complaint:**    Since the date of interview, March 8, 2004, it has been over the 120-day statutory grace period allowed under USC § 1447(b), but USCIS has not made a decision on my naturalization application.

**Response:**    Admit that it has been over 120 days since the March 8, 2004 interview and that USCIS has not made a decision on plaintiff's application but deny the remainder of this paragraph.

18.    **Complaint:**    I have exhausted all administrative remedies that are available to me.

**Response:**    Deny.

19.    **Complaint:**    Citizenship conveys many benefits. Citizens have a right to vote and run for public office, they may apply for and receive a United States passport; they cannot be deported from the United States; they may travel freely into and out of the US without being subjected to admissibility review; they are eligible to apply and hold jobs that are restricted to only US citizens; they may petition for their immediate relatives to immigrate to US. Respondents failure to adjudicate the naturalization application has deprived Petitioner of the above listed benefits.

**Response:**    Admit the first sentence. Deny that plaintiff is eligible to hold the rights listed in paragraph 19.

WHEREFORE, the United States requests that this case be dismissed with costs and that the court award it such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Donald R. Lorenzen
   DONALD R. LORENZEN
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois 60604
   (312) 353-5330
   donald.lorenzen@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**ANSWER**

were served on April 11, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

s/ Donald R. Lorenzen
DONALD R. LORENZEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5330