UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLA BORISOVNA TAMARKINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 748 |
| v. ) | |
| ) | Judge Conlon |
| EMILIO GONZALES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR REMAND**

Defendants, Emilio T. Gonzalez, Michael Mukasey, Michael Chertoff, Ruth Dorochoff and Robert S. Mueller, by their attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, move this court to remand this case to the United States Citizenship and Immigration Service ("USCIS") which is prepared to make an immediate decision regarding plaintiff's application for naturalization. In support of this motion, defendants state as follows:

1. *Pro se* plaintiff Alla Tamarkina filed this case pursuant to 8 U.S.C. § 1447(b), asking this court to decide upon her application for naturalization because more than 120 days had elapsed since her interview with USCIS regarding the application.

2. Section 1447(b) allows the applicants for naturalization to apply to the district court for a hearing when USCIS has not made a decision on their application within 120 days of its examination of the applicant. 8 U.S.C. § 1447(b). The court then "has jursidiction over the matter and may either determine the matter *or remand* the matter, with appropriate instructions, to the Service to determine the matter." *Id.*

3. When plaintiff filed this case a few months ago in early February 2008, USCIS could not take action on her application because the FBI had not completed her background check. By

statute, Congress provided that "none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service [CIS's predecessor] shall be used to complete adjudication of an application for naturalization *unless* the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that *a full criminal background check has been completed* . . . ." *See* Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448 (emphasis added).

4. The FBI has since completed plaintiff's background check. Accordingly, USCIS is prepared to make an immediate decision on plaintiff's application if the court remands this case to it.

5. USCIS has determined that plaintiff's application should be denied at this time because she has not fulfilled the requirement that applicants for naturalization must reside "continuously within the United States from the date of application up to the time of admission to citizenship." 8 U.S.C. § 1427(a)(2).

6. The decision to deny plaintiff's application for naturalization at this time will not result in proceedings to remove plaintiff. Instead, plaintiff will be eligible to remain in the United States to establish the required period of continuous residency and reapply in the future once she has met this requirement.

7. Moreover, upon denial, plaintiff will have administrative remedies with which she may appeal the decision. Applicants for naturalization "may request a hearing before an immigration officer," pursuant to 8 U.S.C. § 1447(a), and "after a hearing before an immigration officer . . . may seek review before the United States district court" where the review will be *de novo*.

8. Any appeal to the court at that point will come with a record that has been fully developed by USCIS, the agency Congress entrusted with deciding such matters. Remand in the interim will allow USCIS to bring its expertise to bear on the issues presented in plaintiff's application.

WHEREFORE, defendants requests the court remand this case to USCIS so that it may render its decision regarding the plaintiff's application for naturalization. If the court denies this motion, given the *pro se* status of the plaintiff, defendants request an order allowing the parties to submit a Joint Pre-trial Statement (in the form the court allowed in *Mohamed v. Dorochoff*, No. 07 C 3414 (N.D. Ill.) (J. Conlon)) rather than a full pretrial order provided for pursuant to the local rules.

                                        Respectfully submitted,

                                        PATRICK J. FITZGERALD
                                        United States Attorney

                                        By: s/ Donald R. Lorenzen
                                            DONALD R. LORENZEN
                                            Assistant United States Attorney
                                            219 South Dearborn Street
                                            Chicago, Illinois 60604
                                            (312) 353-5330
                                            donald.lorenzen@usdoj.gov

Dated: June 5, 2008